AARON M. CLEFTON (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave. Suite C, #336
Alameda CA, 94501
Telephone: 510-832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
JAMES ALGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>    Plaintiff,<br><br>    v.<br><br>CULINARY CRAFT, INC. dba TOWER 12; PIERSIDE PROPERTIES LLC<br><br>    Defendants. | CASE NO. 2:26-cv-4718<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff JAMES ALGER, complains of Defendants CULINARY CRAFT, INC. dba TOWER 12; PIERSIDE PROPERTIES LLC and each of them, and alleges as follows:

1.  **INTRODUCTION:** If Plaintiff were to review his first experience at Defendants' restaurant, he'd likely say that he went because he liked the way Defendants advertised that they cooked their burgers and the positive reviews online. But his own experience was far from what was advertised. Once he got there, he hated the boxes and trash cans that littered the path of travel to Defendants' inaccessible tables. He did like being isolated in "the back" area of the restaurant. Plaintiff could not even independently use the elevator, and even if he had been able to do so, the configuration of the door, and the items blocking the path of travel, made what otherwise would have been a fun experience a terrible

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

one. One star. Would only go back once they fix the access issues.

2.      Defendants' failure to provide accessible features and amenities that are provided to non-disabled guests contravenes the "full and equal" access mandate of Title III of the Americans with Disabilities Act of 1990. Thus, Plaintiff has faced repeated barriers to accessing the full and equal services at Defendants' premises, leading to experiences of embarrassment and humiliation. Plaintiff seeks injunctive relief to ensure full and equal access under the ADA. Further, Plaintiff is seeking a declaratory judgment and the reimbursement of reasonable statutory attorney's fees, litigation expenses, and costs, as provided for by federal statutes.

3.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*.

4.      **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5.      **INTRADISTRICT:**  This case should be assigned to the Western Division as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in Los Angeles County.

6.      **PARTIES:**  Plaintiff JAMES ALGER is, and has been at all times relevant herein, a qualified individual with a recognized physical disability. Plaintiff suffers from Charcot-Marie-Tooth disease ("CMT"), a neurological disorder affecting the peripheral nerves responsible for controlling muscle movement and sensory function. CMT is characterized by progressive degeneration, leading to a gradual and debilitating loss of motor control and sensation in the extremities, particularly the hands, arms, legs, and feet. This condition is a hereditary form of peripheral neuropathy. The onset and progression of Plaintiff's CMT were markedly accelerated due to a work-related injury,

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

resulting in a more rapid decline in his physical abilities. Consequently, Plaintiff faces significant challenges in ambulation and fine motor coordination. He is dependent on a wheelchair for mobility when outside the home and utilizes a specially adapted vehicle equipped with hand controls for driving. In efforts to maintain functional capacity and alleviate the chronic pain associated with his condition, Plaintiff routinely utilizes aquatic facilities such as swimming pools and whirlpools/spas. Plaintiff is also a holder of a permanent disabled parking placard issued by the State of California, which affirms his need for accessibility accommodations due to his condition.

7.    Defendants CULINARY CRAFT, INC. dba TOWER 12; PIERSIDE PROPERTIES LLC are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to each incident described in this Complaint.  Plaintiff is informed and believe that each of the Defendants herein is the agent, employee, or representative of each of the other Defendant, and each performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

8.    Tower 12 is a place of "public accommodation" and "business establishment" subject to the requirements of 42 USC section 12181(7) of the Americans with Disabilities Act of 1990.  On information and belief, Defendants' premises and its buildings and its facilities were constructed and/or altered since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

9.    **FACTUAL STATEMENT:** Plaintiff relies on a mobility scooter for

3

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

mobility. Plaintiff was visiting Hermosa Beach pier when he began to get hungry and looked around for a burger restaurant. Plaintiff found one called "Tower 12" which had good online reviews for burgers and also put American cheese on them upon request, something Plaintiff particularly enjoys. Upon entering Tower 12 located at 53 Pier Ave, Hermosa Beach, California on February 26, 2026, Plaintiff immediately encountered significant barriers that made his visit frustrating and uncomfortable. The only way to get to the upstairs seating area at the restaurant was by lift. Although the establishment has a lift, it was completely blocked off by trash, trash cans, and other furniture. This required a manager to come and clear a path that took about 5 minutes.  He then had to operate the lift for Plaintiff as it was not independently usable by him. This embarrassed Plaintiff and made him feel dependent on others just to get to his table. There were also onlookers seeing what was happening, further embarrassing Plaintiff.

10.    Additionally, the lower entrance to the left of the elevator had a door that opened into the path of travel, forcing Plaintiff to wait for the door to open and then back into the lift due to the clutter around it. This left Plaintiff with no room to turn around, which was quite challenging and caused him difficulty.

11.    Once Plaintiff finally made it upstairs, he found that there was no ADA seating available in the front area of the restaurant. This was particularly disappointing for Plaintiff because he wanted to sit outside as it was a beautiful day. However, there were no accessible tables or seating areas outside.

12.    Plaintiff was then taken by staff to the "back area" of the restaurant where no one else was sitting, and it was clear that the area was not being used for seating at that time. Plaintiff still encountered issues in this area. The designated accessible dining surfaces were insufficient in number compared to the total seating, and they were not dispersed throughout the dining areas. The dining surface Plaintiff was provided did not have sufficient toe clearance underneath, making it difficult for him to sit comfortably at the table. Each table was a pedestal

4

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

style, making it difficult to navigate under the table to get close to it. Furthermore, the bar counter was too high and lacked a lowered accessible section, which further limited Plaintiff's options.

13.     Navigating through the tight and obstructed spaces increased the risk of painful contact with his knees and legs, forcing Plaintiff to move slowly and drawing unwanted attention.

14.     Perhaps most shocking, when Plaintiff left after his meal to return the lift, the boxes and other blocking items had been returned to their previous locations.  This meant staff had to once again move all the items and boxes out of the way.

15.      Despite these numerous barriers, Plaintiff was able to complete his meal at Tower 12. However, Plaintiff left feeling frustrated, embarrassed, and excluded. While Plaintiff would return in the future, it would only be after he became aware that these barriers have been corrected. Until then, Plaintiff will seek out other options when he is in the area.

16.     Because of Defendants' conduct, including their omissions and their failure to ensure access for the disabled, Plaintiff has experienced a violation of his civil rights, emotional distress, and infringement of his right to full and equal enjoyment of public facilities, resulting in general, special, and statutory damages. Each instance of denied access has subjected Plaintiff to difficulties, discomfort, and humiliation. Plaintiff has thus had to seek legal counsel and is now claiming statutory attorney's fees, litigation expenses, and costs, as provided for under federal and state law.

17.     Plaintiff's goal in this suit is to make the premises more accessible to persons with similar mobility disabilities.

18.     The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d

903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).  All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers that Plaintiff may encounter when he returns to the premises.  All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

19.     Specific barriers known to Plaintiff that caused him difficulty when he personally encountered them at the premises are as follows:

• Interior Accessible Route: lacked required minimum clear width between aisles or fixtures. (ADA 403.5.1 / CBC 11B-403.5.1). Plaintiff had difficulty maneuvering through the restaurant.

• Interior Route Obstructions: obstructed by merchandise, inventory, furniture, or displays. (ADA 403.5 / CBC 11B-403.5). The boxes in the restaurant interfered with Plaintiff's ability to maneuver through the restaurant causing him difficult in getting to his table.

• Elevator Components: call buttons mounted too high / car lacked turning space / door speed too fast. (ADA 407 / CBC 11B-407). Because Plaintiff has limited reach and ability to lift his arms, the call buttons caused him difficulty in attempting to use them.

• Turning Space: insufficient to allow 180-degree turn / failed to meet 60-inch minimum. (ADA 304 / CBC 11B-304). There was insufficient turn around space entering and exiting the elevator causing Plaintiff to take extra time to repeatedly move back and forth to turn around.

• Clear Floor Space: failed to meet minimum dimensions for approach. (ADA 305 / CBC 11B-305). There was insufficient turn around space entering and exiting the elevator causing Plaintiff to take extra time to repeatedly move back and forth to turn around.

6

• Accessible Dining Surfaces: not provided / insufficient quantity (< 5%) / failed to disperse. (ADA 226.1, 226.2, 902 / CBC 11B-226.1, 11B-226.2, 11B-902). There were an insufficient number of accessible tables causing Plaintiff discomfort in eating because he could not maneuver under the table or in a way that allowed easy access to the table.

• Bar Counter: height exceeded maximum / lacked lowered accessible section of compliant length. (ADA 904.4.2 / CBC 11B-904.4.2). The table was not high enough for Plaintiff to comfortable use, causing him difficulty during his meal by requiring him to twist and be further from his food than he would be if the table were accessible.

20. Plaintiff believes each of these barriers could be corrected for less than $1,000, and some as little the cost of labor to clear boxes and trash cans out of the way of the path of travel.

21. Plaintiff believes each of these barriers could be corrected for less than $1,000, and some as little the cost of labor to clear boxes and trash cans out of the way of the path of travel.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

22. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint and incorporates them herein as if separately re-pleaded.

23. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-

7

sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101

24.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

25.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

26.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to "a restaurant, bar or other establishment serving food or drink." 42 USC § 12181(7)(B).

27.     The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36, *et seq.*

28.     The ADA states that "No individual shall be discriminated against on

the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28

9

C.F.R. Part 36 *et seq*.

29. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

30. The ability to enter and exit a restaurant independently and sit at an accessible table to be served food is a fundamental necessity of accessing and using a restaurant. Therefore, the benefits of maintaining the lift and providing accessible tables in each seating area of the restaurant do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a restaurant, such as the costs of ensuring fire safety. It is thus readily achievable to remove these barriers.

31. On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

32. Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing the premises and discriminated and

10

continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

33.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

34.    Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use or attempt to use the property and premises, or attempt to patronize it again, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set

11

forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States. The need for relief is critical because the rights at issue are paramount under the laws of the United States.

WHEREFORE, Plaintiff JAMES ALGER prays for judgment and the following specific relief against Defendants:

1.     Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2.     Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3.     Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law; and

4.     Grant such other and further relief as this Court may deem just and proper.

Date: May 1, 2026                                    CLEFTON DISABILITY LAW


                                                      */s/ Aaron Clefton*
                                                     By AARON CLEFTON, Esq.
                                                     Attorney for Plaintiff
                                                     JAMES ALGER

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: May 1, 2026                                    CLEFTON DISABILITY LAW


                                                      */s/ Aaron Clefton*
                                                     By AARON CLEFTON, Esq.
                                                     Attorney for Plaintiff
                                                     JAMES ALGER

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES